RALPH T. REAVIS v. WILLIAM A. BEAM AND RED BIRD CAB COMPANY
AND
BOBBY GENE REAVIS, BY HIS NEXT FRIEND, RALPH T. REAVIS v. WILLIAM A. BEAM AND RED BIRD CAB COMPANY.

(Filed 4 May, 1960.)

**Negligence § 29—**

The issues of contributory negligence and last clear chance do not arise when there is insufficient evidence to be submitted to the jury on the issue of negligence.

APPEALS from *McKinnon, J.*, August, 1959 Civil Term, GUILFORD Superior Court, Greensboro Division.

These civil actions grew out of an injury to Bobby Gene Reavis, minor son of Ralph T. Reavis, alleged to have resulted from the defendants' actionable negligence. In the first action the father seeks to recover expenses for treatment, and loss of wages during the minority of the son. In the second, the son, by his next friend, seeks to recover for his injuries.

The plaintiffs' evidence disclosed that Bobby Gene Reavis, on an exceedingly rainy night, attempted to cross Webb Avenue in Burlington within the block at a point not marked or intended for pedestrian use. The defendants' cab turned into Webb Avenue from Hoke Street and was going at ten to fifteen miles per hour when it struck Bobby Gene Reavis near the curb on the defendants' right-hand side of the street. Bobby Gene testified that after seeing the cab lights for the first time they were so near, "it happened so quick I couldn't move."

Issues of negligence, contributory negligence, and last clear chance arose on the pleadings. At the close of the plaintiffs' evidence, however, the court entered judgments of nonsuit, from which plaintiffs appealed.

*Wade C. Euliss, Hines & Morrisette, By: Stedman Hines for plaintiffs, appellants.*

*Smith, Moore, Smith, Schell & Hunter, By: Bynum H. Hunter for defendants, appellees.*

PER CURIAM. On the oral argument here, the plaintiffs confined the discussion to the sufficiency of the evidence to go to the jury on the defendants' last clear chance to avoid the injury. However, issues of negligence and contributory negligence were discussed in the brief. After careful analysis, we fail to find any evidence of actionable negligence on the part of the defendants. Hence issues of contributory negligence and last clear chance do not arise. The judgments of nonsuit in the court below are

Affirmed.